IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF:
3293 SAINT BERNARD CIRCLE,
COLUMBUS, OHIO 43232

Case No. 2.22-mJ.743

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Jerry Orick, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 3293 Saint Bernard Circle, Columbus, Ohio 43232, hereinafter "PREMISES," further described in Attachment A, for the things described in Attachment B.

2. I am a Columbus Ohio Police Officer (Columbus Police Department) currently assigned as a Task Force Officer (TFO) with the Bureau of Alcohol Tobacco, Firearms and Explosives (ATF). The Columbus Division of Police (CPD) has employed me since 2001. My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, firearm traffickers, as well as the illegal possession and use of firearms. I have participated in numerous investigations of criminal violations relating to illegal firearms possession, firearms trafficking, and fraud investigations. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. By virtue of my experience

Ex. A - 001

and training, I am familiar with residential search warrants. Throughout this Affidavit, reference to "investigators" specifically refers to criminal investigators.

3. This Affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## APPLICABLE STATUTES AND DEFINITIONS

4. Based on the facts set forth in this Affidavit, there is probable cause to believe that Keith L. DAVENPORT (hereinafter "DAVENPORT") and others known and unknown have committed violations of the below-listed offenses (referred to at various points in this Affidavit as the TARGET OFFENSES):

5. Title 18, United States Code, Section 1028A (Aggravated Identity Theft) prohibits the knowing and unlawful transfer, possession, or use of a means of identification of another person during and in relation to any of felony offenses enumerated in the statute, including wire fraud and various theft offenses.

6. Title 18, United States Code, Section 922(a)(1)(A) (Dealing in Firearms Without a License) makes it a federal crime for anyone except a licensed importer, manufacturer, or dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

2

Ex. A - 002

7.      Title 18, United States Code, Section 922(a)(6) (False Statements to an FFL) makes it a federal crime for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of Chapter 44 of Title 18, United Sates Code.

8.      Title 18, United States Code, Section 1343 (Wire Fraud) makes it a federal crime for someone, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, to transmit or cause to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

9.      Title 18, United States Code, Section 371 (Conspiracy) makes it a federal crime for two or more persons to conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy.

10.     A "dealer in firearms" is defined (18 U.S.C. § 921(a)(21)(C)) as a person who devotes time, attention and labor to dealing in firearms as a regular course of trade or business

3

Ex. A - 003

with the principal objective of livelihood and profit through the repetitive acquisition and disposition of firearms.

11. A "straw purchaser" is when an individual obtains firearms from a federally licensed dealer on behalf of another, for the purpose of concealing the identity of the true intended receiver of the firearm(s).

## PROBABLE CAUSE

12. Investigators in Columbus, Ohio became aware of an investigation being conducted by the ATF Cincinnati Field Office. The investigation, which started in or around April of 2022, and which is ongoing, involves identified and unidentified persons who have made more than several hundred attempts to purchase firearms online and/or to have them transferred by mail to various Federal Firearms Licensees (FFLs) in the Southern District of Ohio, where the transactions could be completed, and the firearms could be picked up. Not all the online purchases were successful, but investigators believe that a large amount of the firearm purchases were successful. The investigation has indicated that, at a minimum, many of the purchases and attempted purchases were made using stolen credit card information.

13. Investigators are aware of several indicators of fraudulent purchases and straw purchases. These indicators include the same individuals engaging in the following: multiple firearms being transferred at one time; different addresses being used on the mandatory firearm-purchase paperwork (known as Form 4473) and the customer orders; and multiple orders for the same make and or model of firearm. Relevant here, the investigation has indicated that various

4

Ex. A - 004

individuals known and unknown—including, for example, Keith Lamont DAVENPORT aka "Keefy" —have engaged in the following illegal activities: ordering firearms online using stolen credit card information, while using the name of a co-conspirator but the address information of the victim of the identify theft; having those firearms shipped to local FFLs; then picking the firearms up at the FFLs; and then selling the firearms after doing so, or giving the firearms to the individual(s) who set up the fraudulent purchase in the first instance. In short, the individuals are engaging in a fraudulent scheme to purchase firearms with stolen credit cards under the name(s) of individuals who, depending on the transaction, don't intend to keep the firearms.

14.     In July of 2022, investigators in Central Ohio were alerted to similar fraudulent firearm purchases occurring in Columbus, Ohio, and surrounding areas. To date investigators there have been able to identify over 300 fraudulent orders placed to multiple online FFLs. Of these orders investigators are aware of at least 30 firearms that have been transferred to individuals in Central Ohio.

15.     As a part of the investigation, investigators received documents and records from various online gun dealers. After viewing the information, it was believed by the investigators that multiple individuals were conspiring together to obtain the stolen firearms in the manner outlined above and herein. The cell phone number (951) 379-8753 was listed as the contact information for multiple people who made the fraudulent transactions currently under investigation. For these reasons, and as described further below, it is believed that this phone

5

number is being used by someone involved in orchestrating the unlawful purchase and retrieval of the firearms, namely Keith DAVENPORT.

16.     As part of the investigation, law enforcement applied for and was granted a search warrant for T-Mobile account data associated with the number of (951) 379-8753. (See S.D. Ohio Case No. 2:22-mj-599, with regard to a warrant signed by United States Magistrate Judge Chelsey M. Vascura.) Subscriber information was not provided since that information was maintained by TracFone. However, Call Detail Records (CDRs) and cell tower data was obtained.

17.     Law enforcement analyzed the CDRs for the (951) 379-8753. It was discovered that the most frequently contacted number for (951) 379-8753 was (813) 573-8504. CPD reports indicate that (813) 573-8504 has been used by Stephanie Anderson-Davenport since at least 2018. Field interviews from 2018 and 2019 indicate that (813) 573-8504 was also associated with an individual named Keith Davenport (DOB in 1975). Based upon further investigation, Your Affiant is aware that (813) 573-8504 was also linked to a CashApp account with the name and photo of Stephanie Davenport. In short, the (951) 379-8753 number appears closely associated with the Davenports. As explained below, a number of the relevant Davenports have been linked to at least one fraudulent gun transaction currently under investigation.

18.     For example, on or about July 1, 2022, Grove City Police Department (GCPD) had an incident that was linked to this investigation. (See GCPD Report 2022-29467.) The Dicks Sporting Goods located at 1656 Stringtown Road had multiple people apparently attempting to

6

Ex. A - 006

use fraudulent and/or stolen credit cards to make purchases. GCPD made a stop on the suspect vehicle from the theft attempt. Keith "Keefy" DAVENPORT (DOB 8/XX/2003) was driving the vehicle. Also on board the car was Keith Davenport II (DOB 6/XX/2001), Romeo Henry (DOB 7/XX/2006), and Romero Henry (DOB 10/XX/2003). Inside the vehicle was a credit card skimmer, what appeared to be multiple fraudulent/stolen credit cards, and the following firearms:

    a. Glock 19 9mm (SN: BSXY827)

    b. Glock 19 9mm (SN: BHHB788)

    c. FN FiveSeven 5.7mm (SN: 386422424)

19. The FN firearm listed above had just been obtained earlier that same day by Javohn Marcellis GARCIA. Mr. GARCIA is a suspect in this case due to multiple suspected fraudulent transactions. More specifically, GARCIA has been identified as the purchaser on a number of related transactions where firearms were purchased with stolen credit card information and then shipped to FFLs in Ohio in the same manner as described in Paragraph 5.

20. During this incident, an address of the PREMISIES was provided for Keith Davenport and Keith Davenport II. This address was also on file with the Ohio Bureau of Motor Vehicles (BMV) for Stephanie Davenport, and was further connected to Keith Davenport (DOB 1975) via CPD reports, both of whom were linked to the most frequent contact for the (951) 379-8753.

21. In addition to the above, law enforcement has also reviewed the cell site/sector usage of the (951) 379-8753 number. "Cell site" refers to the physical location of the cell tower.

7

Based upon training and experience, Your Affiant is aware that most cell sites have three (3) sectors. These can be thought of as "sides" of the cell tower. The sector indicates generally which direction from the cell site the device accessing the tower is. The "hot tower" is the most frequently accessed cell site/sector used by the (951) 379-8753 number. The hot tower for the (951) 379-8753 number was in the area of the PREMISIES, the address associated with the Davenports. (The image below shows the hot tower as it relates to the PREMISIES.)



22.    As stated above, the (951) 379-8753 number was listed as the contact information for multiple people who made the fraudulent firearm transactions currently under investigation. At least five different individuals have listed the (951) 379-8753 on paperwork and/or online order forms when buying firearms with stolen credit card information in the manner described

8

Ex. A - 008

herein. This caused the investigators to believe that the (951) 379-8753 was being used by an individual, or individuals, involved in orchestrating the unlawful purchase and retrieval of the firearms.

23.    On or about October 1, 2022, ATF TFOs Chappell and Orick conducted a noncustodial interview of Confidential Source 1 (CS1). CS1 had multiple fraudulent firearms orders placed in their name. At the time of the contact, CS1 was inside of a Central Ohio FFL attempting to have firearms believed to be purchased with a stolen credit card information transferred to them.

24.    CS1 stated that another individual had placed the order on their behalf. The other person was contacted via telephone. TFO Chappell spoke with that individual, who stated that their cousin had purchased the firearm using the name of CS1. The individual on the phone said that their cousin who had placed the order was named "Keith" and provided a phone number of (951) 379-8752, which was one digit from the (951) 379-8753 number that has been linked to the PREMISES, as outlined above. Investigators believe that the last number being changed was an accident or an attempt to not be completely truthful.

25.    On or about October 9, 2022, ATF TFOs Chappell and Orick conducted a noncustodial interview of Confidential Source 2 (CS2). CS2 had multiple fraudulent firearms orders placed in their name in connection to this investigation.

26.    Regarding the fraudulent firearms, CS2 stated that they had been approached by "Keefy" about making money. "Keefy" and CS2 had gone to school together in the past.

9

27.     "Keefy" told CS2 that he needed a copy of their identification. CS2 sent "Keefy" a photo of their ID via TikTok, a popular social media platform. "Keefy" told CS2 all they would have to do is pick up guns from a store and he would pay them. "Keefy" paid CS2 $1,000 dollars per order (though it was later reduced to five $500 dollars per order). CS2 stated they never kept any of the firearms.  CS2 believes they made around three thousand ($3,000) dollars.

28.     CS2 showed TFOs a TikTok account with the usernames/display names of Keey444 and @444.keefy. He stated that the account belongs to "Keefy." Investigators recognized the person pictured in the photos and videos attached to the account as Keith DAVENPORT (DOB 08/XX/2003 SSN 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).

29.     CS2 stated that "Keefy" would come pick CS2 up and transport them to the gun stores to transfer the firearms.  On two (2) occasions "Keefy" drove CS2 and an unknown male to the gun store to transfer firearms. It was a different unknown male on both occasions. "Keefy" referred to the unknown males as "cousins."

30.     CS2 showed investigators the contact information for "Keefy" in his phone. The number listed was (951) 379-8753. CS2 has had contact with "Keefy" at that number.

31.     CS2 stated that "Keefy" drives a 2019-2020 four door all black Jeep with tint. This matched the general description of a 2014 Black Jeep Cheroke registered to DAVENPORT.

32.     Law enforcement determined that the (951) 379-8753 number was a mobile phone that was being used by an Apple iPhone. (This was determined by placing the number into an ATF iPhone as a contact. The contact remained a blue color, and allowed options such as

10

Ex. A - 010

FaceTime, which is only available between iPhones. If the phone number was being used by an Android device, it would typically be green and would not allow for FaceTime and iMessages.)

33. On or about October 13, 2022, a search warrant for Apple data associated with the (951) 379-8753 number was issued. (See S.D. Ohio Case No. 2:22-mj-648, with regard to a warrant signed by United States Magistrate Judge Chelsey M. Vascura.)

34. The data returned by Apple reinforced law enforcement's belief that the possessor/user of the cell phone associated with the (951) 379-8753 number was the same Keith DAVENPORT referred to above as "Keefy." For example, the Instagram account associated with Mr. DAVENPORT showed a username of @444.keefy. (This Instagram account has photos and videos of Mr. DAVENPORT, as well as posts about vending machine business(es), Air BNB locations, and so forth.) The username for the TikTok account associated with Keith DAVENPORT was @444.keefy. Two usernames provided by Apple that were associated with the TARGET PHONE were as follows:

    a. "Keefy Dagoat" – 444keefy@gmail.com

       Address: 1774 Creeksedge Drive; Columbus, Ohio 43209

    b. "444 INC" – 444inc2021@gmail.com

       Address: 3293 Saint Bernard Circle; Columbus, Ohio 43232 (the same address for the PREMISES at issue in this Affidavit)

35. On or about October 11, 2022, a search warrant was applied for and received related to a GPS "ping" of the (951) 379-8753 number, as well as 30 days of historical data. (See

11

S.D. Ohio Case No. 2:22-mj-676, with regard to a warrant signed by United States Magistrate Judge Kimberly A. Jolson.)

36.     The new data showed hot towers consistent with known locations for DAVENPORT. While the pings had a large radius, investigators were able to find locations inside of the radius believed to be utilized by DAVENPORT. For example, DAVENPORT claimed on Instagram to have an apartment located in the Palmer House Apartment Complex that he was using as an AirBNB. One of the hot towers of the (951) 379-8753 number, which had more than 450 transactions on it, was consistent with covering the area of the apartment. (See the image below.)



12

Ex. A - 012

37. The other hot tower associated with the (951) 379-8753 number, which had over 500 transactions recorded, was consistent with covering the address provided in the subscriber information received from Apple, namely 1774 Creeksedge Drive. (See the image below.)



was being used by Keith DAVENPORT.

39. Investigators have contacted some of the victims whose credit cards were used to purchase firearms. All of the contacted victims stated that they had not made the firearm purchase, nor had they authorized anyone to make the firearms purchase on their behalf.

## TIES TO PREMISES

40. The ping data also tied DAVENPORT to the PREMISES. For example, the below map shows a large number of pings (events) near the PREMISES from October 12, 2022, until the date of November 10, 2022, which is when the warrant expired.

13

Ex. A - 013



41.    DAVNEPORT's Jeep is registered with the State of Ohio to the PREMISES.

42.    Investigators have observed DAVENPORT's Jeep along with a vehicle registered to his mother parked at the PREMISES.

43.    On or about November 16, 2022, investigators conducted physical and electronic surveillance of DAVENPORT, his vehicle and the PREMISES. Investigators observed DAVENPORT driving his vehicle. DAVENPORT was observed parking his vehicle at the PREMISES and entering the PREMISES via the front door.

44.    DAVENPORT's State of Ohio Driver's License, which was issued on or about November 16, 2021, lists the PREMISES as his address.

14

Ex. A - 014

45.     On or about October 21, 2022, a tracking warrant was applied for a received for a GPS to be placed on DAVENPORT's Jeep. (See S.D. Ohio Case No. 2:22-mj-702, with regard to a warrant signed by United States Magistrate Judge Kimberly A. Jolson.)

46.     Data from the GPS warrant pictured below shows DAVENPORT'S JEEP at the PREMISES from October 25, 2022, through November 15, 2022. Specifically, the data shows the vehicle at the PREMISES every day from November 2, 2022, through November 15, 2022.



47.     On or about October 25, 2022, a video was posted to the Instagram account of 444.Keefy. For the reasons described above, the investigation indicates a likelihood that this account belongs to DAVENPORT. In the video investigators observed a handgun near the leg of the driver (who is also the person filming) and near the word "Jeep" on the steering wheel. The

15

Ex. A - 015

circumstances described above indicate that this video was filmed inside of DAVENPORT's Jeep.

48.     During the time investigators have monitored DAVENPORT's location he has gone to multiple locations some of which he has stayed at overnight. During this time DAVENPORT's most consistent location was the PREMISES.

49.     During the investigation investigators obtained IP addresses used to place multiple suspected fraudulent orders with online FFLs. Specifically, one of the IP addresses used was IP address of 65.24.121.40. This IP was used in April, June, and July to place approximately 65 orders with Guns.com. Subscriber information for the IP address shows the service address as the PREMISES with the subscriber name as Stephanie Anderson and an email of 5sdavenport1@gmail.com.

50.     I know based on my training and experience that individuals who possess firearms and ammunition often possess other items commonly used or acquired in connection with the possession of firearms and ammunition. Some of these items include, but are not limited to, other firearms, firearm parts, additional ammunition, firearm receipts, firearms brochures or owner's manuals, records of sale or acquisition of firearms, firearms magazines, and holsters.

51.     I know based on my training and experience that individuals who possess the above-described items (i.e., firearms, ammunition, and other items commonly used or acquired in connection with the possession of firearms and ammunition) often store those items— including firearms and ammunition—in their homes or cars, so that the firearms and ammunition

16

are easily accessible. I also know that firearms are durable and non-perishable goods, which can be expected to remain in the individual's possession for extended periods of time.

52.     I know based on my training and experience that individuals who possess firearms and ammunition, as felons or otherwise, frequently utilize cell phones to take photographs and videos of themselves in possession of firearms and ammunition. These same individuals also utilize cellphones, to include calls, texts, and social media applications, to arrange the purchase and sale of firearms, ammunition, and/or accessories, as well as to document their purchase of the firearms, ammunition, and/or accessories.

## CONCLUSION

53.     In short, the investigation indicates that: Keith L. DAVENPORT, also known as "Keefy," is involved in a scheme to use stolen credit card information to purchase large volumes of firearms online under the names of individuals different than those who actually will be the end-user of said firearms; that DAVENPORT has consistent and recent ties to the PREMISES; and that, according to Your Affiant's training and experience, and the context of the investigation described in this Affidavit, there is probable cause to believe that the PREMISES at issue in this Affidavit contain evidence, instrumentalities, or fruits related to the TARGET OFFENSES.

17

Ex. A - 017

54. For these reasons, I submit that this Affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Jerry Orick
Task Force Officer
ATF

Subscribed and sworn to before me
on November 18, 2022.

Elizabeth A. Preston Deavers
UNITED STATES MAGISTRATE JUDGE

18

## ATTACHMENT A

### *Property to be searched*

The property to be searched is 3293 Saint Bernard Circle, Columbus, Ohio 43232, further described as a two-story single-family home with an attached garage. A photograph of the home is attached.



# ATTACHMENT B

## *Property to be seized*

1) All records and items relating to violations of: Title 18, United States Code, Section 922(a)(1)(A) (Firearm Trafficking); Title 18, United States Code, Section 922(a)(6) (False Statements on 4473); Title 18, United States Code, Section 1343 (Wire Fraud); and Title 18, United States Code, Section 371 (Conspiracy); all involving DAVENPORT and others known and unknown.

2) Firearms and ammunition, as evidence related to potential violation of the above-listed United States Codes provisions.

3) Documents related to the purchases or transfer of firearms and ammunition.

4) Items of identification and records that establish dominion and control of the PREMISES, including, but not limited to, any form(s) of identification, residence keys, mail, envelopes, receipts for rent, bills, and photographs.

5) Cellphones, laptops, computers, and any other electronic devices capable of accessing the internet. USB Drives, external hard drives and any other electronic storage devices.

6) Credit cards, identification cards, card skimmers, gift cards, and other items used for identity theft.

Ex. A - 020